JOHN H. ODEN

*v.*

FOSTER & CREIGHTON COMPANY et al.

(*Nashville,* December Term, 1956)

Opinion filed February 8, 1957.

HENRY S. KANE, Nashville, for plaintiff in error.

BAILEY, EWING & POWELL, Nashville, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In this Workmen's Compensation Case one of the two questions is whether the employee, Oden, plaintiff in error, is entitled to any compensation for some period

not exceeding two weeks by reason of temporary total disability from an injury (a sprained ankle) received in the performance of his duties as an employee. The Trial Judge declined any award, his finding being that the allegations of the petition are not sustained by the proof, and petitioner "is not entitled to the relief prayed".

Employer admits Oden's temporary total disability from December 30 through January 8. All agree that he returned to work on January 9, and also on January 11; that with the exception of these two days, he did no work between the date of the injury, December 30, 1955, until January 16, 1956.

The only evidence in the case other than these admissions is the testimony of employee, Oden. His testimony is that he returned to work on January 9 because on the date of the injury or during the two or three days immediately thereafter the Company's doctor told him to return to work on January 9; that he suffered considerable pain by reason of his work on January 9 with the result that he was not able to walk on this swollen ankle on the next day, January 10, but on that day he kept it soaked in hot water to relieve the pain and swelling; that on the next day, January 11, he did go back to work, but his swollen ankle so pained him that he had difficulty in walking on it; that at the close of that day's work he again consulted the Company's doctor who attributed the swollen condition of the ankle at that time to the fact that the elastic bandage which this doctor had placed on it was too tight; that he loosened it and directed that he return to work the next day; that the condition of his ankle the next day, and until January 16, was such that he was unable to work; that he felt the need of relief to

such an extent as to compel him to consult an orthopedic specialist on January 12 or 13.

There is no contradiction of Oden's testimony, though it was given no weight by the Trial Judge. Testimony of a witness may not be discarded arbitrarily. *Frank v. Wright,* 140 Tenn. 535, 543, 205 S.W. 434. In view of the fact that (1) Oden is an interested witness and (2) he did work two days during the sixteen day period involved here, it follows that it cannot be adjudged that the Trial Judge acted capriciously. Thus, his rejection of this testimony is binding on this appeal. *Black Diamond Collieries v. Gibbs,* 161 Tenn. 413, 417, 32 S.W.2d 1041. Therefore, Oden's insistence that he suffered a two weeks total temporary disability must be overruled.

This brings the Court to consideration of Oden's insistence that he is, in any event, entitled to temporary total disability for two days, being in the period from the date of his injury on December 30 until he first returned to work on January 9 following. Admittedly this is two days over one week. The applicable provision of the Workmen's Compensation Act is Code Section 50-1005 reading, in so far as pertinent here, as follows:

"No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury, * * * but if disability extends beyond that period, compensation shall commence with the eighth day after the injury. * * *"

Defendant-in-error insists that this Code Section does not apply because the 8th and 9th days of admittedly temporary total disability were Saturday and Sunday,

respectively. The work week ends on Friday, and begins on Monday.

This insistence overlooks this provision of our Workmen's Compensation Law carried as the last sentence of Code Section 50-1007 (a), to-wit:

"Where a fractional week of temporary total disability is involved the compensation for each day shall be one-seventh (1/7) of the amount due for a full week."

The probability is that the foregoing provision of the Workmen's Compensation Act was simply overlooked in the Court below in declining to award Oden compensation for these two days.

However that may be, this provision compels an award to Oden of an amount equal to two-seventh (2/7ths) of the compensation to which he is entitled a week for temporary total disability. It is admitted that, if entitled to anything, it is the maximum of $30 per week. Two-sevenths (2/7ths) thereof is $9.56. Oden's assignment of error directed to an award of compensation for these two days is accordingly sustained.

On the 12th day of January, after Oden worked on the 11th, he, Oden, went to a doctor of his own choice without consulting his employer. His petition seeks a recovery against the employer for the bill thus incurred, $20. The rejection by the Court of his testimony as to being disabled from January 9th through January 15 does, *ipso facto,* require a rejection of this insistence.

Oden has obtained some judgment, though quite small, against the employer. Technically, the employer should, therefore, be taxed with the costs. Such action is

consistent with equity in this case since the employee derived little benefit from the proceedings, while the employer and his insurance carrier have ascertained the proper construction of the questions stated, and may apply it if it arises in any of the many cases of compensation with which they may have to deal in the course of time.

The judgment of the Circuit Court will be modified so as to award Oden a judgment of $9.56 against defendants-in-error. All costs in all Courts will be adjudged against these defendants-in-error.